NICOLETTI HORNIG & SWEENEY
Attorneys for Plaintiff
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005-1801
(212) 220-3830
(FILE NO.: 30000343 JFS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**08 CV 3696**

-----------------------------------------------------------X

POLLAN TRADE LLC,

08 Civ. 3696    (DAB )

Plaintiff(s),

- against -

**JUDGE BATTS**    VERIFIED COMPLAINT

M.V. AZTEC MAIDEN, her engines, boilers,
etc. and DOVER MARITIME CORP.,

Defendant(s).

-----------------------------------------------------------X

APR 17 2008

U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, by its attorneys, NICOLETTI HORNIG & SWEENEY, alleges upon

information and belief, as follows:

**FIRST:**    All and singular the following premises are true and constitute an

admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil

Procedure and within the admiralty and maritime jurisdiction of the United States and of this

Honorable Court.

**SECOND:**    At and during all the times hereinafter mentioned, Plaintiff had and

now has the legal status and principal office and place of business stated in Schedule A, hereto

annexed, and by this reference made a part hereof.

**THIRD:**    At and during all the times hereinafter mentioned, Defendants had and now have the legal status and offices and places of business stated in Schedule "A", and were and now are engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered and/or otherwise controlled the vessels above named as common carriers of merchandise by water for hire.

**FOURTH:**    At and during all the times hereinafter mentioned, the said vessels were and now are general ships employed in the common carriage of merchandise by water for hire, and now are or will be during the pendency of this action, within this District and within the jurisdiction of this Honorable Court.

**FIFTH:**    On or about the date and at the ports of shipment stated in Schedule "A", there was shipped by the shippers therein named and delivered to Defendants and the said vessels, as common carriers, the shipment described in Schedule "A" then being in good order and condition, and Defendants and the said vessels then and there accepted said shipment so shipped and delivered to them, and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to the ports of destination stated in Schedule "A", and there deliver the same in like good order and condition as when shipped, delivered to and received by them, to the consignee named in Schedule "A".

**SIXTH:**    Thereafter, the said vessels arrived at the ports of destination, where they and Defendants made delivery of the shipment, but not in like good order and condition as when shipped, delivered to and received by them, but on the contrary, seriously injured and impaired in value by reason of the matter and things stated in Schedule "A", all in violation of Defendants' and the said vessels' obligations and duties as common carriers of merchandise by water for hire.

2

**SEVENTH:**   Plaintiff was the consignee and owner of the shipment described in Schedule "A" and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

**EIGHTH:**    By reason of the premises, Plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $139,859.57.

**WHEREFORE,** Plaintiff prays:

1.    That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2.    That if Defendants cannot be found within this District, then all their property within this District as shall be described in Schedule "A", be attached in the sum of $139,859.57, with interest thereon and costs, the sum sued for in this Complaint;

3.    That Judgment may be entered in favor of Plaintiff against Defendants for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action;

4.    That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims, may issue against said vessels, their engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all and singular the matters aforesaid, and that this Court will be pleased to pronounce judgment in favor of Plaintiff for its damages as aforesaid, with interest, costs and disbursements, and that the said vessels may be condemned and sold to pay therefor; and

3

5.    That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated:  New York, New York
        April 17, 2008

                                NICOLETTI HORNIG & SWEENEY
                                Attorneys for Plaintiff

                        By:_____
                                James F. Sweeney (JFS-7745)
                                Wall Street Plaza
                                88 Pine Street, 7th Floor
                                New York, New York  10005-1801
                                Telephone No.: (212) 220-3830
                                Facsimile No.: (212) 220-3784
                                E-Mail: jsweeney@nicolettihornig.com
                                (FILE NO.: 30000343 JFS)

X:\Public Word Files\3\343\LEGAL\VERIFIED COMPLAINT.mar.doc

4

## SCHEDULE A

**Plaintiff's Legal Status and
Office and Place of Business:**

Plaintiff, Pollan Trade LLC, was and now is a corporation organized and existing under and by virtue of the laws of the State of New York, with an office and place of business at Five Hanover Square, New York, New York 10004.

**Defendant's Legal Status and
Office and Place of Business:**

Defendant, Dover Maritime Corp., was and now is a corporation or otherwise entity organized and existing under and by the virtue of foreign law, with an office and place of business located at c/o Roymar Shipmanagement Inc., 455 Central Park Avenue, Scarsdale, New York 10583.

| | |
|---|---|
| Date of Shipment: | October 3, 2007 |
| Port of Shipment: | Yokohama, Japan |
| Port of Destination: | San Juan, Puerto Rico |
| Shipper: | Metal One Corporation |
| Consignee: | To The Order of RZB Finance |
| Shipment: | Prime Newly Produced Deformed Steel Bar |
| Nature: | Damage |
| Amount: | $139,859.57 |
| NH&S File: | 30000343 JFS |

STATE OF NEW YORK     )
                      : S.S.:

COUNTY OF NEW YORK  )

        JAMES F. SWEENEY, being duly sworn, deposes and says:

        That he is an attorney admitted to practice before the Courts of this State and a member of the firm of Nicoletti Hornig & Sweeney, attorneys for Plaintiff herein.

        That he has read the foregoing Verified Complaint and knows the contents thereof and that the same is true to his own knowledge, except as to the matters therein stated to be alleged on information and belief and as to those matters, he believes them to be true.

        Deponent further says that the sources of his information and the grounds for his belief as to all matters therein stated to be alleged on information and belief, is derived from documents, records, correspondence and memoranda of Plaintiff concerning the matters set forth in the Verified Complaint in the possession of deponent.

                                                                     _____
                                                            JAMES F. SWEENEY

Sworn to before me this
17th day of April, 2008.

Notary Public

MARY ANN RAARUP
Notary Public, State of New York
No. 01RA4874099
Qualified in Suffolk County
Certificate filed in New York County
Commission Expires Oct. 20, 20*10*

X:\Public Word Files\3\343\LEGAL\VERIFICATION.JFS.doc