UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
POLLAN TRADE LLC,                         :    **ECF**

                      Plaintiff,    :    **ANSWER**
                                 08 Civ. 3696 (DAB)
      v.                                  :

M.V. AZTEC MAIDEN her engines, boilers, :
etc., and DOVER MARITIME CORP.,
                               :
                     Defendants.
------------------------------------------x

       Defendant, DOVER MARITIME CORP, ("Dover"), by its attorneys, CARDILLO & CORBETT, as and for its answer to the Complaint, alleges as follows:

       1.  Deny each and every allegation contained in paragraph FIRST of the Complaint, except admit that plaintiff's claims are within the admiralty and maritime jurisdiction of this Honorable Court.

       2.  Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph SECOND of the Complaint.

       3.  Deny each and every allegation contained in paragraph THIRD of the Complaint.

       4.  Deny each and every allegation contained in paragraph FOURTH of the Complaint.

       5.  Deny each and every allegation contained in paragraph FIFTH of the Complaint, except admit and allege that a cargo said to consist of 4,338 bundles of Prime Newly

Produced Deformed Steel Bar was shipped aboard the defendant M/V AZTEC MAIDEN under a bill of lading dated October 3, 2007, from Yokohama, Japan, to San Juan, Puerto Rico (the "Bill of Lading").

6. Deny each and every allegation contained in paragraph SIXTH of the Complaint.

7. Deny knowledge or information sufficient to form as belief as to the truth of the allegations contained in paragraph SEVENTH of the Complaint

8. Deny each and every allegation contained in paragraph EIGHTH of the Complaint.

## AS AND FOR A
## FIRST AFFIRMATIVE DEFENSE

9. The Bill of Lading pursuant to which the cargo that is the subject of the complaint was carried expressly incorporated all of the terms and conditions, liberties and exceptions, including the law and arbitration clause of a charter party dated July 25, 2007, between TBS North America Liner, Ltd. ("TBS-NA"), and plaintiff, Pollan Trade LLC (the "Charter Party).

10. The arbitration clause contained in the Charter Party provides for all disputes thereunder to be brought in arbitration in New York.

11. The bill of lading, clause 24, also provides for all disputes thereunder to be brought in arbitration in New

York.

12. Pursuant to the arbitration clause contained in the Charter Party, Plaintiff commenced arbitration against TBS-NA in New York for the same claim sued upon by Plaintiff in its complaint.

13. The claim by plaintiff against Dover is subject to arbitration in New York, and therefore, the Court should stay this action and refer the matter to arbitration pursuant to 9 U.S.C. §3.

AS AND FOR A<br><u>SECOND AFFIRMATIVE DEFENSE</u>

14. The Complaint fails to state a claim upon which relief can be granted against Dover.

AS AND FOR A<br><u>THIRD AFFIRMATIVE DEFENSE</u>

15. The Court lacks jurisdiction over Dover due to insufficient process.

AS AND FOR A<br><u>FOURTH AFFIRMATIVE DEFENSE</u>

16. The Court lacks jurisdiction over Dover on the grounds that there are insufficient contacts with the forum and that consequently the Court may not exercise jurisdiction over Dover consistent with principles of due process.

AS AND FOR A
FIFTH AFFIRMATIVE DEFENSE

17. The shipment alleged in the complaint was subject to all the terms, conditions, and exceptions contained in the Bill of Lading. Any loss or damage to the goods, which is denied, was due to causes for which Dover is not liable or responsible by virtue of the provisions of the Bill of Lading.

AS AND FOR A
SIXTH AFFIRMATIVE DEFENSE

18. The shipment alleged in the complaint was subject to all the provisions of Carriage of Goods By Sea Act, 46 U.S.C. 1300, et. seq., ("COGSA") and/or the Hague Rules, and/or the Hague-Visby Rules. Any loss or damage to the goods, which is denied, was due to causes for which Dover is not liable or responsible by virtue of the provisions of COGSA, the Hague Rules or the Hague-Visby Rules.

AS AND FOR A
SEVENTH AFFIRMATIVE DEFENSE

19. Any loss or damage to the aforementioned shipment, which is denied, was caused by the act or omission of the shipper of the goods or its agents or representatives and accordingly Dover is not liable therefor.

AS AND FOR AN
EIGHTH AFFIRMATIVE DEFENSE

20. If the goods were damaged in any respect, which is denied, then such damage was caused, in whole or in part, by

4

the negligence or fault of plaintiff or of some other party for whom Dover is not responsible.

AS AND FOR A
NINTH AFFIRMATIVE DEFENSE

21. If the goods were damaged in any respect, which is denied, then such damage was caused, in whole or in part, by the inherent vice of the cargo and/or because the cargo was improperly prepared for shipment.

AS AND FOR A
TENTH AFFIRMATIVE DEFENSE

22. Due diligence was used to make the vessel seaworthy and to secure that it was properly manned, equipped and supplied and to make the holds and all other parts of the vessel in which goods were carried safe and fit for their reception, carriage and preservation. Accordingly, if the shipment referred to in the complaint sustained any loss or damage while it was in the custody or possession of Dover due to any unseaworthiness of the vessel, which is denied, Dover is not liable therefor.

AS AND FOR AN
ELEVENTH AFFIRMATIVE DEFENSE

23. If plaintiff is entitled to any recovery, which is denied, such recovery must be limited in accordance with the terms of the Bill of Lading and/or provisions of COGSA, the Hague Rules or the Hague-Visby Rules.

WHEREFORE, Defendant, DOVER MARITIME CORP. demands judgment:

1. Dismissing the complaint in its entirety;

2. Granting it costs and disbursements of this action, including reasonable attorneys' fees; and

3. Granting such other and further relief as this Court may deem just and proper.

Dated:   New York, New York
         May 9, 2008

                                CARDILLO & CORBETT
                                Attorneys for Defendants
                                DOVER MARITIME CORP.

                                By: _____
                                    Tulio R. Prieto (TP 8455)

                                Office & P.O. Address
                                29 Broadway
                                New York, New York 10006
                                Tel: (212) 344-0464
                                Fax: (212) 797-1212

TO:  NICOLETTI HORNIG & SWEENEY
     Attorneys for Plaintiff